IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CASSIE MARIE ARNDT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-206-D |
| | ) | |
| CITY OF MEDICINE PARK, a political | ) | |
| subdivision of the State of Oklahoma, | ) | |
| et al., | ) | |
| Defendants. | ) | |

**ORDER**

Defendants Comanche County Detention Center (the "CCDC"), William Hobbs, the Board of County Commissioners of Comanche County ("Defendant Board"), and Kenny Stradley (collectively the "Defendants") bring before the Court a Renewed Motion to Dismiss [Doc. No. 24] and brief in support. Plaintiff has filed a Response in opposition [Doc. No. 30], to which Defendants have replied [Doc. No. 33]. This matter is fully briefed and at issue.

**BACKGROUND**

A Medicine Park Police Officer effected a legal traffic stop on Plaintiff Cassie Arndt, pulling her over for a speeding violation, on August 13, 2017. Complaint [Doc. No. 1], at 5. The officer processed Plaintiff's information, and dispatch advised him of an outstanding Stephens County arrest warrant for "Cassie Arndt." *Id*. at 6. Relying on this information and pursuant to that warrant, the officer arrested Plaintiff and transported her to CCDC. *Id.* At CCDC, Plaintiff was processed and booked. *Id*. at 7. Ruth Art, a CCDC

1

employee, showed Plaintiff a copy of the arrest warrant and allegedly realized Plaintiff was not the same person named by the arrest warrant. *Id*. Art immediately informed her lieutenant—herein referenced as John Doe 2. *Id*. John Doe 2 took no steps to investigate Art's conclusions and told Art to move forward with the booking process. *Id*. Another lieutenant, John Doe 3, was also made aware of the discrepancy. Plaintiff was nonetheless booked, forced to strip naked, and searched. *Id*. at 8. She was then confined in a cell for approximately eighteen hours. *Id*. Eventually, Plaintiff was released, CCDC personnel acknowledged there was no warrant out for her arrest, and Plaintiff was told her traffic ticket would be dismissed. *Id*. At all relevant times, Defendant Hobbs served as Jail Administrator and Defendant Stradley as Comanche County Sheriff.

The instant lawsuit was filed on March 7, 2018. Plaintiff alleges violations of her constitutional rights under the federal and state constitutions, along with violations of state law.

## STANDARD OF DECISION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A claim has facial plausibility when the court can draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In § 1983 cases, it is particularly important "that the complaint make clear exactly *who* is alleged to have done what to whom, to provide each individual with fair

notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1249–50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

## DISCUSSION

**I. CCDC is not a legal entity subject to suit, and therefore all claims against it are dismissed as a matter of law.**

Defendants' motion first asserts that, under Oklahoma law, CCDC is not a legal entity subject to suit, and therefore, all claims asserted against it should be dismissed. Plaintiff does not dispute the proposition.

A noncorporate entity's capacity to be sued is determined by the law of the state in which the district court is located. FED. R. CIV. P. 17(b)(3). In Oklahoma, each organized county can sue and be sued. OKLA. STAT. TIT. 19, § 1(1) (2018). The authority of each county is exercised by its board of county commissioners, and a lawsuit brought against a county must be filed against the relevant board of county commissioners. *Id*. §§ 3, 4.

Although the Oklahoma courts have apparently not addressed the issue of whether a detention center has the capacity to be sued, other jurisdictions have concluded that detention centers and county jails are not legal entities capable of suit. *See Bolden v. Gwinnett Cty. Det. Ctr. Medical Admin. Med. Doctors and Staff*, 2009 WL 2496655 (N.D. Ga. 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."); *Rackley v. Poinsett Cty. Det. Ctr.,* 2011 WL 1480316 (E.D. Ark. 2011) ( holding a "detention center is not an entity subject to suit under § 1983").

The Tenth Circuit Court of Appeals has unequivocally stated that a county detention facility "is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, 2000 WL 796086 at *4 n.3 (10th Cir. 2000); *see also Dutton v. City of Midwest City*, 630 F. App'x 742, 744 (10th Cir. 2015);*Ketchum v. Albuquerque Police Dep't*, 1992 WL 51481, at *2 (10th Cir. 1992) (holding that a municipal police department is not an entity that could be sued because it lacks a legal identity apart from the municipality).[1]

Accordingly, the Court finds Plaintiff's claims against the CCDC should be dismissed for failure to state a claim upon which relief may be granted. As dismissing the claims against CCDC with leave to amend would be futile, given the CCDC is not a legal entity capable of being sued, the dismissal as to this Defendant is with prejudice to refiling.

### II. Plaintiff's conceded and abandoned claims are dismissed as a matter of law.

In her response against Defendants, Plaintiff concedes the negligent hiring, false imprisonment, intentional infliction of emotional distress, and punitive damages claims. Response [Doc. No. 30], at 8. These claims are therefore dismissed as a matter of law.

### III. Plaintiff has failed to state a claim of individual liability under 42 U.S.C. § 1983.

To the extent the Complaint [Doc. No. 1] alleges § 1983 claims against Defendants Hobbs and Stradley in their individual capacities, Defendants argue Plaintiff has failed to

---

[1] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

proffer any relevant facts. There is no indication on the face of the Complaint that Plaintiff intended to state a claim of supervisory liability against these Defendants.

Title 42 U.S.C. § 1983 provides that "every person" acting "under the color of law" to deprive someone of their "rights, privileges, or immunities secured by the Constitution and laws," shall be liable to the person injured. To state a claim for individual liability under the statute, Plaintiff must allege both that Defendants acted under color of state law, and that they personally participated in the alleged constitutional violations. *See Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007); *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). For liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established—establishing simply that the defendant is in a position of authority will not suffice. *Novitsky v. City of Aurora*, 491 F.3d 1244, 1254 (10th Cir. 2007).

Plaintiff's Complaint is devoid of any allegations of these Defendants' personal involvement. Instead, the Complaint alleges they are liable on a theory of *respondeat superior*. In her response, Plaintiff does not dispute that she has failed to allege sufficient facts, and—to a large extent—concedes this point. The one factual allegation involving Defendants Hobbs and Stradley is wholly conclusory. Complaint at 1 (alleging only that Defendants "deliberately failed to take remedial action in the face of actual and/or constructive knowledge of constitutional violations and the false imprisonment of [Plaintiff]"). Plaintiff, therefore, fails to state a claim upon which relief may be granted.

## IV. Plaintiff has failed to state a claim of municipal liability under 42 U.S.C. § 1983.

Where the Complaint [Doc. No. 1] alleges § 1983 claims of municipal liability against Defendant Board, and Defendants Hobbs and Stradley in their official capacities, Defendant argues Plaintiff has failed to proffer any relevant facts.

"Municipalities and other local governmental bodies are persons within the meaning of § 1983." *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). Under binding precedent, however, Defendants cannot be held liable for their subordinate's actions pursuant to 42 U.S.C. § 1983 under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 663 (1978). Instead, "it is when execution of a government's policy or custom . . . inflicts the injury that the government entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

A plaintiff seeking to impose liability on a municipality must establish (1) the existence of a municipal policy or custom; and, (2) a direct causal connection between the policy or custom and the injury alleged. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Plaintiff's Complaint is devoid of any allegations of a custom or policy, for which Defendants were responsible, and which caused the alleged constitutional violations. As noted above, in her response, Plaintiff essentially concedes the point that she has failed to allege sufficient facts to state a claim. The claims must therefore be dismissed as a matter of law.

## V. Defendant Board and Defendants Hobbs and Stradley, in their official and individual capacities, have complete tort immunity under Oklahoma law.

The Oklahoma Governmental Tort Claims Act ("GTCA") is the exclusive remedy by which an injured plaintiff may recover against an Oklahoma governmental entity in tort. *Fuller v. Odom*, 741 P.2d 449, 451 (Okla. 1987); *see* OKLA. STAT. tit. 51, §§ 152(14), 153. Through the GTCA, the legislature adopted and reaffirmed sovereign immunity for the State and its political subdivisions, subject to a limited waiver as specifically provided for by the statute. OKLA. STAT. tit. 51, § 152.1(B); *see also Salazar v. City of Okla. City*, 976 P.2d 1056, 1066 (Okla. 1999).

Under the GTCA, Defendant Board is a political subdivision. *See* OKLA. STAT. tit. 51, § 152(11)(c). Accordingly, Defendant Board may be liable for its torts or the torts of its employees in situations where private persons or entities would also be liable under state law. *Salazar*, 976 P.2d at 1066. This general waiver of liability, however, is itself subject to certain limitations. OKLA. STAT. tit. 51, § 155. The GTCA provides complete tort immunity for losses resulting from the "(p)rovision, equipping, operation or maintenance of any prison, jail or correctional facility…." "The exemption from tort liability as provided in Section [155(25)] is all inclusive for tort claims." *Gibson v. Copeland*, 13 P.3d 989, 992 (Okla. Ct. App. 2000) (citing *Medina v. State*, 871 P.2d 1379 (Okla. 1993)); *see also Horton v. State*, 915 P.2d 352, 354 (Okla. 1996) (noting that the state and its political subdivisions are "immune from tort liability to inmates . . . for the infinite numbers of

activities that are involved in prison operations"). The GTCA bars the present action against Defendant Board. For the same reasons, Defendants Hobbs and Stradley—in their official capacities—are likewise immune from suit in this case under Oklahoma law. *Estate of Weatherford ex rel. Thompson v. Bd. of Cty. Comm'rs of Muskogee Cty.*, No. CIV-08-088-RAW, 2009 WL 331607, at *6 (W.D. Okla. Feb. 10, 2009), aff'd in part sub nom., *Weatherford ex rel. Thompson v. Taylor,* 347 F. App'x 400 (10th Cir. 2009) ("Plaintiff's state claims against the Sheriff fail, however, for the same reason they fail against the Board—they are barred by the []GTCA. An action against a state official in his official capacity is not an action against the official, but rather an action against his office.").

Defendants Hobbs and Stradley, in their individual capacities, are not alleged to have had any actual involvement in the subject incident. Complaint at 6. Plaintiff's state-law claims against them are premised on a theory of *respondeat superior*. "In no instance in any such action shall an employee of the state or of a political subdivision of the state acting within the scope of employment be named as defendant…." OKLA. STAT. tit. 51, § 153(C); *id.* §163(C) ("In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . . .").

"Scope of employment" means performance by an employee acting in good faith within the duties of the employee's office or employment. *Id.* § 152(12). Although determining whether someone was acting within the scope of their employment is typically a jury question, it is an issue for the Court in cases where only one reasonable conclusion

8

can be drawn from the facts. *Nail v. City of Henryetta*, 911 P.2d 914, 918 (1996). Such is the case here. As alleged, the facts lead only to the reasonable conclusion that Defendants Hobbs and Stradley necessarily acted within the scope of employment. They are therefore immune from suit on state claims in this case pursuant to Oklahoma law.

## CONCLUSION

"A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Since it appears Plaintiff is unable to assert a constitutional claim against Defendants under federal law, and the bar for doing so is particularly high under binding precedent, further amendment would likely be futile. Further, the state law claims are barred by the GTCA, and CCDC is not a legal entity subject to being sued. The dismissal of all claims asserted against the moving Defendants should be with prejudice to refiling for the reasons fully set forth herein.

**IT IS THEREFORE ORDERED** that Defendants' Renewed Motion to Dismiss [Doc. No. 24] is GRANTED. All claims against the moving Defendants are DISMISSED WITH PREJUDICE to refiling.

**IS IT SO ORDERED** this 3rd day of December, 2019.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge